# IN THE COURT OF APPEALS OF IOWA

--------------------

No. 25-2054
Filed February 25, 2026

--------------------

**In the Interest of K.T., Minor Child,**

**K.W., Mother,**
Appellant.

--------------------

Appeal from the Iowa District Court for Polk County,
The Honorable Rachael E. Seymour, Judge.

--------------------

**AFFIRMED**

--------------------

ConGarry Williams of the Juvenile Public Defender's Office, Des Moines,
attorney for appellant mother.

Brenna Bird, Attorney General, and Erin Mayfield, Assistant Attorney
General, attorneys for appellee State.

Lisa A. Allison of Youth Law Center, Des Moines, attorney and guardian ad
litem for minor child.

--------------------

Considered without oral argument
by Greer, P.J., and Schumacher and Chicchelly, JJ.
Opinion by Schumacher, J.

1

**SCHUMACHER, Judge.**

A mother appeals the termination of her parental rights to K.T., born in December 2024.[1] The mother's sole challenge on appeal is the district court's finding that termination is in the child's best interest. We review this case de novo, giving respectful consideration to the court's factual findings, especially when assessing the credibility of witnesses. *In re A.B.*, 957 N.W.2d 280, 293 (Iowa 2021). Because the mother only challenges the best-interest determination, we limit our review to that step in the termination-of-parental-rights analysis. *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) (noting we only review those steps challenged by the parent). When analyzing the child's best interest, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2) (2025).

The mother asserts the court "failed to give [her] testimony a greater weight" that she "believes it is in K.T.'s best interest to be in her care." "But the best interest of the child—not the fairness to the parent—is the 'paramount concern in a termination proceeding.'" *In re L.V.-G.*, No. 25-1246, 2025 WL 3654240, at *2 (Iowa Ct. App. Dec. 17, 2025) (quoting *In re L.B.*, 970 N.W.2d 311, 313 (Iowa 2022)). Following our close review of the record, we agree with the district court's determination that "the safety concerns that led to removal continue to exist today" due to the mother's "continued unresolved substance abuse issues, unresolved domestic violence issues, [and] inability to identify unsafe persons or act in an appropriate protective capacity." *See, e.g.*, *In re B.L.*, No. 25-1161, 2025 WL 2658313, at *1 (Iowa Ct. App. Sept. 17, 2025) (noting termination was in

___

[1] The parental rights of K.T.'s unknown father were also terminated.

the children's best interest "[b]ecause safety concerns persisted throughout the course of these proceedings and continue today"). The mother minimized the safety concerns regarding her relationships with family members and her domestic partners. And only at the termination hearing did she reluctantly admit some responsibility for her older child's death, despite previously acknowledging she selected the child's caregiver, who was a known methamphetamine user. The mother also acknowledged she has continued to use illegal substances, but she did not believe her use impacted her ability to safely parent.

The mother failed to acknowledge her needs or engage in services, which directly impedes her ability to provide a safe environment for the child. *See In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011) (observing that a child's safety and need for permanency are the defining elements in a child's best interest). Accordingly, we conclude termination of the mother's parental rights is in the child's best interest, and we affirm. *See* Iowa Ct. R. 21.26(1)(d), (e).

**AFFIRMED.**